# FEDERAL SUPREME COURT
## Cases, Judges, Officers, Proceedings and Opinions

## SUPREME COURT of U. S.

Chief Justice—William Howard Taft of Ohio.

Associate Justices—Joseph McKenna of California, Oliver Wendell Holmes of Massachusetts, Pierce Butler of Minnesota, William VanDeventer of Wyoming, Mahlen Pitney of New Jersey, James Clark McReynolds of Tennessee, Louis D. Brandeis of Massachusetts and George H. Sutherland of Utah.

Clerk—Wm. S. Stansbury, Dist. Columbia.
Deputy Clerk—Philander R. Stansbury.
Marshal—Frank K. Green of Kentucky.
Reporter—Ernest Knaebel of Colorado.

Terms—At Washington, D. C., second Monday in October, annually.

### No Cases this Week

## COURT OF APPEALS of U. S.
### CINCINNATI

The United States is divided into nine Court of Appeals Circuits, each of which is made up of states. For each of these Circuits, the President appoints two Circuit Judges, and a Justice of the Supreme Court is assigned by that court to each Circuit, as Presiding Justice, the three thus selected constituting the Circuit Court of Appeals of the district. Ohio is in the Sixth Circuit.

Sixth Circuit—Comprised of the States of Ohio, Michigan, Tennessee, Kentucky.

Presiding Justice, William R. Day of Ohio, Justice of Supreme Court.

Circuit Judges—Loyal E. Knappen, Grand Rapids, Michigan; Arthur C. Denison, Grand Rapids, Michigan; Maurice H. Donahue, New Lexington, Ohio.

Clerk—Arthur B. Mussman, Cincinnati.

Deputy Clerk—Frank A. Hight, Federal Building, Cincinnati.

Terms, at Cincinnati, Federal Building, on the first Monday of October, and adjourned sessions on the Tuesday after the first Monday of each other month in the year, except August and September.

At the October, February and May sessions of the court (called Calendar Sessions), there is a regular and peremptory call of the calendar containing all the cases on the docket, which should be ready for hearing.

At the July session, no cases are heard, except on special order of the court.

This Term began October 2, 1922.

#### RULES OF COURT
##### Return Days

All appeals, writs of error and citations must be made returnable not exceeding thirty days from the day of signing the citation, whether the return day fall in vacation or in term time, and be served before the return day.

##### Briefs

Counsel for defendant in error, or appellee before the first day of the term if the clerk deliver to him a printed record of the case 60 days before the first day of such term; or 20 days if the record is delivered not less than 80 days before the first day of such terms, and in all other cases 15 days after receipt of such printed record, within the same time such counsel shall give to counsel of defendant in error or appellee five printed copies of such brief.

Counsel for defendant in error or appellee are to file twenty copies of his brief 30 days before the case is called for hearing and give five copies to the counsel for plaintiff in error or appellant.

### FEDERAL CASES
#### No. 95
#### ORMSBY v. FINNEY, et al

U. S. Circuit Court of Appeals, Sixth Circuit, No. 3737, Decided June 6, 1922

PER CURIAM:

##### Epitomized Opinion

Ormsby's father was trustee of a trust estate, created by his mother, consising of money, for the benefit of Ormsby. The father carried out the provision honestly, but mingled the money with his own. Prior to his death he made a will, giving to each of the beneficiaries his share of the trust fund, and dividing equally his own property, which was considerable in amount. Ormsby brought suit, contending that his father, as trustee, could not dispose of the trust fund, and that because the trustee had mingled the trust money with his own, the entire estate of the trustee became trust property and belonged to the cestui que trusts. The latter was the real obejcts of the suit. The court held:

(1) That a trustee cannot dispose of trust property by will, even though it make the same distribution as under the trust.

(2) Where a trustee mingles trust money with his own in an indistinguishable mass, equity will follow the money by taking out the same quantity; and it is only when it is absolutely necessary to protect the cestui que trust that all the property will be regarded and taken as trust funds.

Attorneys—G. F. Ormsby, in pro per, for Ormsby; W. L. Miller, Xenia, and Robert L. Black, Cincinnati, for Finney.

#### No. 96
#### BISKIND v. UNITED STATES

U. S. Court of Appeals, Sixth Circuit, No. 3650 Decided May 12, 1922

CRIMINAL LAW—(1) Conspiracy—(2) Averring section number in indictment—(3) Contempt as offense against United States.

KNAPPER, CIRCUIT JUDGE:

##### Epitomized Opinion

Error to U. S. District Court, N. D. of O., E. D.

Meyers had been convicted of a criminal offense and sentenced to the workhouse, was out on bail to surrender himself. He entered into an agreement with Beatty and Biskind that Beatty was to serve his, Meyers sentence, and pose as Meyers. Meyers to keep in hiding. Meyers and Biskind to pay him a money consideration. The indictment charged violation of a certain numbered section of criminal code. Demurrer as not stating an offense against the United States, defendants were convicted.

The circuit court of appeals held:

(1) If an indictment charges an offense under any law of the United States, it is sufficient, and if the indictment alleges the section, in margin or in body, and the offense covered by such section is not proved, if an offense is proved the reference to the section is immaterial.

(2) That to commit an offense against the United States, under section 37 of criminal code, it is not necessary that the act, the conspiracy intended to effect, was itself made punishable by criminal prosecution.

(3) That a conspiracy to commit a contempt of court is an offense against the United States.

(4) Where one is at liberty on bond, assistance to evade imprisonment is not a violation of a statute against forcible rescue.

Attorneys—Breintenstein and Wertz, for U. S.; L. W. Wickham, for Briskind; all of Cleveland.